McCarthy, J.P.
Appeal from a decision of the Workers’ Compensation Board, filed December 24, 2013, which denied claimant’s application to reopen his workers’ compensation claim.
As the result of a work-related injury to claimant’s right hand in 1987, claimant was classified as having a permanent partial disability and awarded workers’ compensation benefits. In 1993, the Workers’ Compensation Board approved a lump-sum nonschedule adjustment pursuant to Workers’ Compensation Law § 15 (5-b) in the amount of $54,600, and the case was closed. Claimant filed several applications to reopen the claim that were denied by the Board. A 2010 denial of such an application on the ground that claimant did not demonstrate a change in condition not contemplated at the time of the original settlement was subsequently affirmed by this Court (95 AD3d 1515 [2012]). In 2012, claimant filed another application to reopen the claim that was also denied by the Board, and claimant now appeals.
We affirm. As in the matter previously before this Court, *1293 claimant has not demonstrated that there has been an unanticipated change in his condition or degree of disability since the lump-sum nonschedule adjustment, and the Board’s denial of the application on this ground will not be disturbed (see id. at 1516; Matter of Bunnell v Sangerfield Inn, 35 AD3d 1021, 1022 [2006]; Matter of Babalola v Olsten Temporary Staffing Corp., 8 AD3d 917, 917-918 [2004], lv dismissed 3 NY3d 752 [2004]). We also find that claimant’s request for an extreme hardship redetermination of his disability status pursuant to Workers’ Compensation Law § 35 was properly denied. Such redeterminations apply to “capped” permanent partial disability awards under Workers’ Compensation Law § 15 (3) (w) (see Workers’ Compensation Law § 35 [3]). Inasmuch as these awards apply only to accidents that occurred on or after March 13, 2007 (see L 2007, ch 6, §§ 4, 82 [a]), the Board properly ruled that claimant is ineligible for an extreme hardship redetermination under Workers’ Compensation Law § 35. Claimant’s remaining claims have been considered and found to be without merit.
Egan Jr., Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.